**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

No. 11-16507

In re: WACHOVIA CORP. "PICK-A-PAYMENT" MORTGAGE MARKETING AND SALES PRACTICES LITIGATION,

DOLORES MANDRIGUES; JUANITA JONES; AL F. MINYEN; WILMA R. MINYEN; MARK CLAUSEN; CHRISTINA CLAUSON; BONNIE MINCEY; STEPHANIE O'ROURKE; TINA SINGER; CHAD R. WHATLEY; ANITA H. WHATLEY; JERROLD L. ROTRUCK; CLARA C. ROTRUCK; JUDITH M. HOLLEY; ROLAND HARRIS; GLORIA HARRIS; EMOGEN WHITE; VANESSA L. MCLEAURIN; TRAVIS A. BUDD; JAMES W. COLLINS, Jr.; MICHAEL BRUNKHORST; JAYME BRUNKHORST; MICHAEL T. HARBER; MARY HARBER; MARK CHANEY; GLORIA CHANEY; TERRY L. COSTELLO,

*Plaintiffs - Appellees,*

*v.*

MARCELLA M. ROSE,

*Objector - Appellant,*

*v.*

WORLD SAVINGS, INC.; WORLD SAVINGS BANK, FSB; WACHOVIA MORTGAGE, FSB, AKA Wachovia Mortgage, a division of Wells Fargo Bank, N.A.; WACHOVIA CORPORATION; GOLDEN WEST FINANCIAL CORPORATION; WACHOVIA BANK, FSB, FKA World Savings Bank, FSB-TX; WACHOVIA MORTGAGE CORPORATION; WELLS FARGO HOME MORTGAGE; WELLS FARGO BANK, N.A.,

*Defendants - Appellees.*

---

Appeal from the United States District Court for the
Northern District of California
San Jose Division
Case No. 5:09-md-02015-JF

**DEFENDANTS - APPELLEES' MOTION TO DISMISS APPEAL**

Jack R. Nelson (SBN # 111863)
David De Jesus (SBN # 173263)
Alicia A. Adornato (SBN # 254228)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
Email:
jnelson@reedsmith.com
ddejesus@reedsmith.com
aadornato@reedsmith.com

T. Thomas Cottingham, III
WINSTON & STRAWN LLP
214 N. Tryon Street
Charlotte, NC 28202-1078
Telephone: (704) 350-7700
Facsimile: (704) 350-7800
Email:
tcottingham@winston.com

ATTORNEYS FOR DEFENDANTS-APPELLEES

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rules of Appellate Procedure 26.1 and 28(a)(1), the following persons and entities have an interest, financial or otherwise, in the outcome of this litigation:

WORLD SAVINGS, INC.: was acquired via merger by Wachovia Corporation. World Savings Inc. is subsidiary of Wells Fargo & Company.

WORLD SAVINGS BANK, FSB: No longer exists. Previously, World Savings Bank FSB was a federally chartered savings and lending institution which changed its name to Wachovia Mortgage FSB in about December 2007 in connection with the merger of Golden West Financial Corporation (World Savings Bank FSB's former parent company) and Wachovia Corporation.

WACHOVIA MORTGAGE, FSB, AKA Wachovia Mortgage, a division of Wells Fargo Bank, N.A.: Wachovia Mortgage is a current division of Wells Fargo Bank, N.A.

WACHOVIA CORPORATION: was acquired by Wells Fargo & Company via merger effective December 31, 2008.

GOLDEN WEST FINANCIAL CORPORATION: Wachovia Corporation was the former parent company of Golden West. Until December 31, 2008, Wachovia Corporation was a publicly-held company and owned 10% or more of Golden West's stock. Golden West Financial Corporation no longer exists.

WACHOVIA BANK, FSB, FKA World Savings Bank, FSB-TX: is a former banking subsidiary of the former Wachovia Corporation but no longer exists.

WACHOVIA MORTGAGE CORPORATION: was acquired via merger between Wells Fargo & Company and Wachovia Corporation. Currently, Wachovia Mortgage Corporation is a subsidiary of Wells Fargo Bank, N.A.

WELLS FARGO HOME MORTGAGE: is a division of Wells Fargo Bank, N.A.

WELLS FARGO BANK, N.A.: is a national bank. A majority of stock in Wells Fargo Bank, N.A. is owned by WFC Holdings Corporation, a holding company, and Wells Fargo & Company, a publicly held corporation, owns more than 10% of the stock of Wells Fargo Bank, N.A.

# MOTION TO DISMISS APPEAL

## I. INTRODUCTION

Appellant Marcella M. Rose has appealed from an order approving a final class settlement, denying her motion to intervene, and granting her alternative request to opt out of the settlement class. However, because Rose opted out of the settlement, she does not have standing to appeal the district court's order. Appellee World Savings[1] thus respectfully moves this Court to dismiss the appeal for lack of jurisdiction.

## II. PROCEDURAL BACKGROUND

In August 2007, Dolores Mandrigues filed a putative class action in the Northern District of California, alleging that World Savings violated the federal Truth-in-Lending Act and California's Unfair Competition Law, and breached the terms of the parties' contract in connection with World Savings' "Pick-a-Payment" mortgage loan. (N.D. Cal. Docket No. 1, 5:07-cv-4497-JF, attached as Exh. 1.) In February 2009, after similar suits were filed throughout the United States, the Judicial Panel on Multidistrict Litigation ordered the transfer of all cases concerning the "Pick-a-Payment" loan product to the Northern District of

[1] "World Savings" collectively refers to Defendants-Appellees World Savings, Inc.; World Savings Bank, FSB; Wachovia Mortgage, FSB, AKA, Wachovia Mortgage, a division of Wells Fargo Bank, N.A.; Wachovia Corporation; Golden West Financial Corporation; Wachovia Bank, FSB, FKA World Savings Bank, FSB-TX; Wachovia Mortgage Corporation; Wells Fargo Home Mortgage; and Wells Fargo Bank, N.A.

California (Hon. Jeremy Fogel) and consolidated them with Mandrigues' action. (N.D. Cal. Docket No. 1, M:09-cv-2015-JF, attached as Exh. 2.)[2]

In December 2010, the district court issued an order (1) Provisionally Certifying a Settlement Class; (2) Preliminarily Approving Class Action Settlement; (3) Appointing Class Representatives, Class Counsel and Settlement Administrator; (4) Approving Form and Methods of Class Notice; and (5) Scheduling Hearing on Motions for Final Approval of Settlement and Payment of Attorneys' Fees and Costs. (N.D. Cal. Docket No. 113, attached as Exh. 3.) The order stated that "Any Settlement Class Member who does not submit a valid and timely request for exclusion, as set forth in the Settlement Notices, will be bound by the Judgment and Order of Dismissal dismissing the Action on the merits and with prejudice." (*Id.* at 9.) The Order further directed that all objections be sent to class counsel and filed with the Court by March 16, 2011. (*Id.* at 9-10.)

Two weeks later, Rose filed a separate action in California state court against World Savings. (N.D. Cal. Docket No. 123 at 1, attached as Exh. 4.) In February 2011[3], the action was removed to the United States District Court for the Southern District of California. (*Id.*)

[2] All further references to the Northern District of California Docket refer to the Multidistrict Litigation Action, M:09-cv-2015-JF.

[3] All further dates are in 2011, unless otherwise indicated.

On March 13, Rose filed a Notice of Related Case in the MDL action, advising the district court of the Southern District action and stating Rose's belief "that her interests have not been represented by the named plaintiffs in" the MDL action. (*Id.* at 2.)

On March 16, Rose filed a Notice of Appearance at the Fairness Hearing through her attorney. (N.D. Cal. Docket No. 126, attached as Exh. 5.) She then filed Objections to the Proposed Class Action Settlement, asserting that the Proposed Settlement did not provide adequate notice because the subclasses were not ascertainable and that her subclass (known as Settlement Class A) had not been adequately represented. (N.D. Cal. Docket No. 127, attached as Exh. 6, at 6.) She further stated:

> Ms. Rose filed a lawsuit against Wells Fargo, and others, on December 29, 2010 in the San Diego Superior Court, now pending in the United States District Court, Southern District of California, as Case No. 3:11-cv-00240-IEG-CAB (hereafter "*Rose v. Wachovia*"). In light of the fact that Ms. Rose does not now have the information necessary to make an informed decision about the Proposed Settlement, ***she hereby reserves her right to opt-out of the Proposed Settlement and proceed with <u>Rose v. Wachovia</u>***.

(*Id*. at 1 n.1 (emphasis added).)

On March 19, Rose filed a motion to intervene seeking to represent a class of persons within Settlement Class A who had lost their homes and were over the age of sixty-five. (N.D. Cal. Docket No. 164-3 at 2, attached as Exh. 7.) At the April 29 Fairness Hearing, Rose's counsel argued the motion to intervene and

objection to the settlement. (4/29/2011 RT 34:8–38:8, 42:13–44:5, attached as Exh. 8.) At the conclusion of the hearing, the district court granted all requests to opt out. (*Id.* at 73:6-8.)

On May 17, the district court overruled Ms. Rose's objection, entered an order approving the settlement, and denied Ms. Rose's motion to intervene as untimely. (N.D. Cal. Docket No. 207 at 9-11, attached as Exh. 9.) The district court concluded, "If Ms. Rose believes that a better deal may be struck with Defendants, she is free to opt out and try her luck with her own lawsuit. At the hearing, the Court granted Ms. Rose's alternative request to opt out of this settlement." (*Id.* at 11.) Rose filed a Notice of Appeal on June 10. (N.D. Cal. Docket No. 213, attached as Exhibit 10.)

## III. MS. ROSE LACKS STANDING TO PURSUE THIS APPEAL

"[Article III] limits are jurisdictional: they cannot be waived by any party, and there is no question that a court can, and indeed must, resolve any doubts about this constitutional issue." *City of Los Angeles v. County of Kern*, 581 F.3d 841, 845 (9th Cir. 2009). To establish Article III standing on appeal, "an appellant must establish that she has suffered an injury, caused by the appellee, that is redressable." *Lobatz v. U.S. W. Cellular of Cal., Inc.*, 222 F.3d 1142, 1146 (9th Cir. 2000).

Where a party has opted out of a settlement, the party loses standing to challenge the settlement on appeal because it no longer has a legally protected interest at stake. *In re Integra Realty Res., Inc.*, 262 F.3d 1089, 1101, 1102 (10th Cir. 2001) (holding that parties who had opted out of a settlement lacked standing to challenge the settlement because they "lack[ed] any legally protected interest that could support the 'injury in fact' element necessary to demonstrate standing"); *see also In re: Vitamins Antitrust Class Actions*, 215 F.3d 26 (D.C. Cir. 2000) (holding that presumptive class members who had opted out of a settlement had no standing to challenge a specific clause in the settlement); *cf. Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1176 (9th Cir. 1977) (holding that Appellants, who did not opt out of the class, had standing to appeal the settlement).

As the D.C. Circuit explained:

> Rule 23(e) of the Federal Rules of Civil Procedure requires court approval of class action settlements and prior notice to all members of the class. Class members must be given an opportunity to convince the court that the settlement proposed would not be fair, adequate, or reasonable. The fact that *res judicata* would bind them provides class members with an incentive to voice their objections. Those who are not class members, because they are outside the definition of the class or have opted out, are on a different footing. Class action settlements typically leave intact the legal claims of others. ***This is one of the reasons why nonsettling parties in multi-party cases lack standing to object to settlement agreements on appeal.*** *See New Mexico ex rel. Energy & Minerals Dep't v. United States Dep't of the Interior,* 820 F.2d 441, 445 (D.C. Cir. 1987); *see also Jenson v. Continental Fin. Corp.,* 591 F.2d 477, 482 n.7 (8th Cir. 1979); *In re Sunrise Sec. Litig.,* 131 F.R.D. 450, 459 (E.D.Pa. 1990); 2 H. NEWBERG, *supra,* § 11.54, at 472 (2d ed. 1985 & Supp. 1991); *cf. Marino v. Ortiz,* 484

> U.S. 301, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988). Another is the interest in encouraging settlements, particularly in class actions, which are often complex, drawn out proceedings demanding a large share of finite judicial resources.

*Mayfield v. Barr*, 985 F.2d 1090, 1092 (D.C. Cir. 1993) (emphasis added).

So it is here. When the district court granted Rose's alternative request to opt out of the settlement, she retained all of her rights to litigate her claims independently and escaped the binding effect of the class settlement. In fact, even before the district court approved the settlement and granted her opt-out request, Rose already had exercised her litigation rights by filing a separate action against World Savings. Because the district court granted Rose's opt-out request, Rose is no longer part of the class settlement and lost any legally protected interest in the settlement. As such, she has no standing to appeal the settlement order.

## IV. CONCLUSION

Rose has no standing to appeal the order approving the class settlement. The Court should dismiss her appeal for lack of jurisdiction.

Dated: July 8, 2011

WINSTON & STRAWN LLP

REED SMITH LLP

By: **/s/ T. Thomas Cottingham, III**
T. Thomas Cottingham, III

*Attorneys for Defendants-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing were served via the Court's ECF system, this 8th day of July, 2011, upon all counsel of record.

**/s/ T. Thomas Cottingham, III**
T. Thomas Cottingham, III